By ti-ie Court.
All things occurring in open court in the progress of a cause, from and including the impaneling of the jury to the submission of the cause, should be brought upon the record by a bill or bills of exception, verified by the certificate of the trial judge. That certificate imports absolute verity. The matters so to be included, transpiring in the presence of the trial judge and being within his knowledge, are to be *531 thus conclusively stated in the record. They should not be left to affidavits and counter affidavits raising questions which depend upon the veracity and intelligence of witnesses and their opportunities for accurate observation. With respect to this subject the remarks of counsel to the jury are within the same rules and reason as are their questions to witnesses, their objections to evidence, their exceptions to rulings of the court, and their requests for instructions to the jury. Improper remarks to the jury during argument should be at once objected to. The action of the court upon such objection may be the subject of exception, and all should be shown as a part of the trial. Although the misconduct here complained of, if it occurred, occurred upon the trial and in the presence of the court, the practice resorted to treated it as conduct affecting the trial but not occurring in the presence of the court and, therefore, to be brought to the attention of the court by a motion and affidavits which were subject to controversy and inquiry. It would have been entirely competent for the court to reject this affidavit because of its superior and conclusive knowledge of the facts to which the affidavit related. The remarks of counsel not being properly shown in the record afforded to the circuit court no proper occasion for reversing the judgment.

Judgment of the circuit court reversed and that of the common pleas affirmed.

Shauck, C. J., Crew, Summers and Spear, JJ-, concur.